IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DAISY SCARBROUGH, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 13-00110-WS-N |
| STATE OF ALABAMA, et al., | ) |
| Defendants. | ) |

ORDER

On March 8, 2013, the undersigned Magistrate Judge entered an Order (doc. 3) requiring supplementation of both plaintiff's motion to proceed without prepayment of fees and the record with respect to the claims and the authority of plaintiff's children "to bring this action on behalf of their mother or to represent her when none of the children has alleged that they are licensed to practice law in the State of Alabama or any other State." In their response (doc. 4), plaintiff's children rely solely on a Power of Attorney ("POA") purported to have been issued by the plaintiff to her son, Rev. Preston L. Scarbrough, as authority to bring this action.[1] The POA does not, however, vest Reverend Scarbrough with such authority.

The Local Rules of this Court provide "All litigants proceeding *pro se* shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and

---

[1] The only reference in the Complaint to a Power of Attorney is the notation of "POA" next to the typed name of "Daisy Scarbrough By name Rev. Preston L. Scarbrough" on the last page. (Doc. 1 at 3). In response to the Court's order of March 8, 2013 (doc. 3), plaintiff's children assert that the authority under which they bring this action on behalf of their mother is "her Agent/POA." (Doc. 4 at 2). The children have submitted no evidence to establish the existence of this alleged POA.

Criminal Procedure, unless otherwise excused from the operation of the rules by court order." S.D. Ala. R. 83.9(b). The "Pro Se Litigant Guide" for this Court also provides:

> Bear in mind that as a *pro se* litigant, you are representing only yourself and presenting only your claims and defenses. Under the law, you cannot speak for another person, a company, or other entity such as a club or association that includes other individuals. . . .
>
> • • •
>
> Remember, if you are proceeding *pro se*, you can only represent yourself; you may not represent another person or party.

Pro Se Litigant Guide, S.D.AL., at 3, 4-5.[2]  *See also* Charest v. Williams, 2008 WL 686621 (M.D. Ala. March 7. 2008)(" While a pro se litigant may bring his own claims to federal court, he may not litigate the claims of others."), *citing* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

Additionally, an action must generally be prosecuted in the "name of the real party in interest." Fed.R.Civ.P. 17(a)(1). A party may bring an action on behalf of another person in limited cases, such as when acting as an administrator, executor or the like. Fed.R.Civ.P. 17(a)(1)(A)-(G).  The federal rules also provide that "a minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c). Although plaintiff's children have alleged that she is 85 years old and "has severe disabilities and Multiple chronic

---

[2] A Pro Se Litigant Guide and Pro Se Litigation Information may be obtained by access to this Court's website of www.alsd.uscourts.gov or by requesting a copy in person at the United States Courthouse, 113 St. Joseph Street, Mobile, Alabama.

medical conditions,[3] they have not indicated that she has been adjudicated as incompetent by a state court or that any of them has been appointed her legal guardian by such a court. *See e.g.* Sanders v. Kansas Dept. of Soc. And Rehab. Services, 317 F.Supp.2d 1233, 1238 (D. Kan. 2004)(" The court finds that plaintiff [a 51 year old disabled adult] fails to satisfy the requirements of Rule 17(c) for suit by a next friend [his mother] because the record before the court fails to show incompetence and plaintiff has never been adjudicated incompetent."). *See also* Whitmore v. Arkansas, 495 U.S. 149, 164 (1990) ("The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court."); Francis v. Warden, FCC Coleman-USP, 246 Fed.Appx. 621, 623 (11th Cir. Aug. 28, 2007)(same).

It is, therefore, necessary, in the absence of a court appointed guardian, that the plaintiff either personally appear as a *pro* se litigant in this case by signing her own pleadings or that she be represented by counsel authorized to practice law in this Court. Accordingly, it is **ORDERED** that a properly executed complaint or a notice of appearance by legal counsel be filed by **no later than August 16, 2013**, at which time the Court will address the remaining issue regarding plaintiff's financial capacity to pay the required court fees and whether, after review pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff's complaint should be dismissed because it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a person immune from such relief. Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002)(affirming the

---

[3] Plaintiff is described in the complaint as "blind due to glaucoma, and cataract, chronic heart disease, severe arthritis, brittle bones, the plaintiff requires assistance with activities of daily living, Including but not limited to assistance with dressing, toileting, eating, bowel and Bladder care, meal preparation and clean up, shopping, and laundry." (Doc. 1 at 2).

application of 28 U.S.C. 1915(e)(2)(B) to a non-prisoner's complaint).[4]  FAILURE TO COMPLY WITH THIS ORDER WITHIN THE TIME PROVIDED MAY RESULT IN A RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR WANT OF PROSECUTION, LACK OF JURISDICTION AND/OR FAILURE TO COMPLY WITH THE ORDERS OF THIS COURT.

**DONE** this  18th  day of July, 2013.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] In the Order dated March 8, 2013 (doc. 3), plaintiff was required, in view of her claim of "discrimination," to advise the Court of "[t]he identity of any individual of a different race (hereafter referred to as a "Comparator") than the plaintiff, who has identified herself as "black" (doc. 1 at ¶ 2), who has received "Medicaid services in the most Integrated setting, so that [the Comparator] can reside in [his/her] home and avoid institutionalization in a Nursing Home." (Doc. 3 at 2, *quoting* Complaint, doc. 1, at ¶ 3 of the Request for Relief).  No comparator was identified and there is no allegation that any other person has received the benefits sought in this case.  Additionally, to the extent plaintiff seeks to have the Court "[c]ertify this case pursuant to 28 U.S.C. 517 to the U.S. Attorney General and the Department of Justice, who has the authority to enforce Title II of the Americans with Disabilities Act pursuant to congressional mandate to issues setting forth of Discrimination prohibited by Title II." (Doc. 1 at 3, *citing* 42 U.S.C. § 12134.  Although the Solicitor General, or any officer of the Department of Justice, may be sent by the United States Attorney General to any State or District in the United States to attend to the interests of the United States in a suit pending in a state or federal court, or to attend to any other interest of the United States, the statute does not provide authority or a procedure for this Court or Magistrate Judge to certify a case to the Attorney General for the stated purposes in the plaintiff's complaint.  28 U.S.C. § 517.  In addition, relief is sought in this case pursuant to the "Medicaid Waiver for the Elderly and Disabled Program" (hereafter "E/D Waiver Services program") . . . funded by Social Security [and administered] through the Alabama Department of Senior Services and the Area Agency on Aging of the Alabama Regional Planning Commission." (Doc. 1 at 1).  However, the Alabama Administrative Code, which governs this program, specifically provides that "[i]t is not the intent of the E/D Waiver Services program to provide 24 hour in home care."  Ala. Admin. Code r.560-X-36-.01.  The Code further provides "should 24 hour in home care become necessary in order to protect the health and safety of the waiver client, the appropriateness of waiver services should be assessed and other alternatives considered."  (*Id*.).  It is, therefore, questionable whether a viable claim has been asserted in the complaint filed by plaintiff's children upon which the relief they seek, namely "24 hours skilled trained one-on-one nursing and personal care aide around the clock [] in home care" in order to "avoid institutionalization [of their mother] in a Nursing Home."  (Doc. 1 at 2, 3)